```
UNITED STATES DISTRICT COURT1
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:

ESTHER CARROLL BRITT,
            Debtor.                          02 Civ. 6981 (JES)
```

**MEMORANDUM OPINION
AND ORDER**

```
------------------------------------------X
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, HEALTH RESOURCES
AND SERVICES ADMINISTRATION,

            Appellant/Cross-Appellee,
    - against -
ESTHER CARROLL BRITT,

            Appellee/Cross-Appellant.
------------------------------------------X
```
**SPRIZZO, D.J.:**

The United States Department of Health and Human Services (the "Government" or "HHS") appeals from the December 21, 2001 Memorandum Decision (the "Opinion") and the January 14, 2002 Order (the "Order") of the United States Bankruptcy Court for the Southern District of New York (Beatty, B.J.) granting appellee and cross-appellant Esther Carroll Britt ("Britt") discharge from her federally insured Health Education Assistance Loans ("HEAL loans"). For the reasons that follow, the Court reverses the bankruptcy court's Opinion and Order and remands this matter to the bankruptcy court for a determination as to whether the requirements of 42 U.S.C. § 292f(g) ("Section 292f(g)") governing the dischargeability of Britt's HEAL loans have been satisfied in this case.

**BACKGROUND**

Between 1981 and 1985, Britt applied for and obtained six HEAL loans to fund her doctoral studies in clinical psychology at Adelphi University. See Amended Stipulated Facts, dated October 13, 1999 ("Stip. Facts"), ¶¶ 1-2; Opinion at 2.  After obtaining her degree, Britt was unable to fulfill her HEAL and other student loan repayment obligations. See id. ¶¶ 4-5, Op. At 2-3. On May 17, 1991, Britt filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "Code") in United States Bankruptcy Court for the Southern District of New York (the "First Bankruptcy Proceeding"). See Stip. Facts ¶ 5.  The bankruptcy court granted Britt's petition on December 18, 1991 and discharged her from all dischargeable debts. See Opinion at 3.

Under the HEAL program, HHS insures educational loans made by private lenders to graduate students in the fields of medicine and health administration.  See 42 C.F.R. § 60.1(a).  As a result of Britt's failure to make timely payments on her HEAL loans, the Student Loan Marketing Association Loan Servicing Center, as the holder of the promissory notes evidencing Britt's HEAL loans (the "Promissory Notes"), filed a claim for payment with HHS. See Stip. Facts ¶ 6; Opinion at 3.  HHS paid $100,074.00 on the claim and received an assignment of the Promissory Notes. See id.  On April 1, 1994, the Government commenced a civil action before this Court seeking judgment against Britt on the defaulted HEAL loans.  See

2

United States v. Britt, 94 Civ. 2329 (JES).  The Court placed the civil action on its suspense docket in order to allow Britt to commence an adversary proceeding seeking the discharge of her HEAL loans as part of the First Bankruptcy Proceeding.  Consequently, the First Bankruptcy Proceeding was reopened by the bankruptcy court, and Britt commenced an adversary proceeding seeking the discharge of her HEAL loans. See Stip. Facts ¶¶ 13-14.  Britt's complaint was, however, dismissed by the bankruptcy court on the grounds that her HEAL loans were non-dischargeable because less than seven years (the repayment period specified in the HEAL statute) had passed since her loans first became due. See id. ¶ 15.  This Court affirmed the bankruptcy court's decision on May 28, 1996. See id. ¶ 16.

On September 23, 1998, Britt filed a second petition for relief under Chapter 7 of the Code, and on November 2, 1998, Britt commenced another adversary proceeding seeking once again to discharge her HEAL loans. See id. ¶¶ 19, 21.  Both the Government and Britt agreed that the dischargeability of Britt's HEAL loans was governed by Section 292f(g), see Opinion at 6, which provides, in relevant part, that:

> Notwithstanding any other provision of Federal or State law, a debt that is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any chapter of title 11, United States Code, only if such discharge is granted--
> (1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required...;

3

>     (2) upon a finding by the Bankruptcy Court that
>     nondischarge of such debt would be unconscionable;
>     and
>
>     (3) upon the condition that the Secretary [of
>     Health and Human Services] shall not have waived
>     the Secretary's rights to apply subsection (f) to
>     the borrower and the discharged debt.

42 U.S.C. § 292f(g).

The Government and Britt further agreed that the requirements set forth in subsection (1) and (3) of Section 292f(g) had been met, and that the only issue which needed to be resolved by the bankruptcy court was whether non-discharge of Britt's HEAL loans would be unconscionable. See Opinion at 7. On December 21, 2001, following a two-day trial, the bankruptcy court issued an Opinion discharging Britt's HEAL loans. See Opinion at 11. In the Opinion, however, the bankruptcy court concluded that Section 292f(g) did not in fact govern the dischargeability of HEAL loans, and instead based its analysis on Sections 523(a)(8)[1] and 523(b)[2] of the Code. See id. at 7. The instant appeals followed.

On appeal, the Government contends that the bankruptcy court erred in holding that Britt's HEAL loans should be discharged pursuant to Section 523(a)(8) of the Code and urges this Court to remand this matter to the bankruptcy court for a determination as

---

[1] Section 523(a)(8) of the Code generally governs dischargeability of educational loans. See 11 U.S.C. § 523(a)(8).

[2] Section 523(b) of the Code generally governs dischargeability of certain debts deemed to be non-dischargeable in a prior bankruptcy case. See 11 U.S.C. § 523(b).

4

to whether, under Section 292f(g), the non-discharge of Britt's HEAL loans would be unconscionable. In her cross-appeal, Britt agrees with the Government that the bankruptcy court erred in discharging her HEAL loans pursuant to Section 523(a)(8) of the Code. Britt further contends that the bankruptcy court erred in failing to make a finding under Section 292f(g) that non-discharge of her HEAL loans would be unconscionable and urges the Court to modify the bankruptcy court's Opinion and Order to make such a finding as a matter of law.

## DISCUSSION

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides that on appeal the district court may affirm, modify, or reverse a bankruptcy judge's order or may remand a matter to the bankruptcy court with instructions for further proceedings. See Fed. R. Bank. P. 8013. The district court may not set aside the bankruptcy court's findings of fact unless clearly erroneous and must give due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses. See id. The district court must, however, review de novo the bankruptcy court's conclusions of law. See In re Porges, 44 F.3d 159, 162 (2d Cir. 1995).

Both the Government and Britt contend that the bankruptcy court erred in holding that the dischargeability of Britt's HEAL loans was governed by Section 523(a)(8) of the Code rather than Section 292f(g). This Court agrees.

As noted above, the bankruptcy court pointed out in its Opinion that both Britt and the Government agreed that the dischargeability of Britt's HEAL loans was governed by Section 292f(g). See Opinion at 6.  Nevertheless, based on its "extensive review of the relevant statutory provisions and governing case law," the bankruptcy court concluded that the applicable statutory provision was in fact found in Section 523(b) of the Code. See id. at 7.  The bankruptcy court began its analysis by reference to Section 523(b) of the Code, which governs the dischargeability of certain previously undischargeable debts and provides, in relevant part, that:

> [A] debt that was excepted from discharge under... section 733(g) of the Public Health Service Act [current 42 U.S.C. § 292f(g)] in a prior case concerning the debtor under this title ... is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

11 U.S.C. § 523(b).  Noting that the "language of Code § 523(b) is clear and its meaning is plain," the bankruptcy court concluded that it must apply Section 523(b) in considering the dischargeability of Britt's HEAL loans. See Opinion at 7-8.  In support of its conclusion, the bankruptcy court relied on the 1996 decision of the Bankruptcy Court for the Eastern District of Wisconsin, which held that the language of Section 523(b) "'unequivocally declares that HEAL loans under § 733(g) of the Public Health Services Act, if excepted from discharge in a prior

bankruptcy, are discharged in a subsequent bankruptcy, provided they meet the dischargeability requirements under [Code § 523(a)(8)].'" Opinion at 8 (quoting Tanski v. United States, 195 B.R. 408, 411 (Bankr. E.D. Wis. 1996)). Applying the version of Section 523(a)(8) applicable to Britt's HEAL loans,[3] the bankruptcy court concluded that discharge was appropriate because the loans had been due for seven years. See Opinion at 9-11.

Importantly, however, on November 13, 1998--more than two and a half years after the Tanski decision--Congress amended Section 292f(g) to make clear that it governed the dischargeability of HEAL loans "[n]otwithstanding any other provision of Federal or State law," including Section 523(a)(8) of the Code. See Pub L. No. 105-392, 112 Stat. 3524 (1998).[4] Thus, in following the reasoning of

---

[3] Section 523(a)(8) of the Code previously permitted the discharge of HEAL loans that became due more than seven years prior to the date of filing a bankruptcy petition. The seven year discharge provision was, however, removed when Congress amended Section 523(a)(8) effective October 7, 1998. See Higher Education Amendments of 1998, § 971(a) Pub. L. No. 105-244, 112 Stat 1581 (1998). The bankruptcy court concluded, however, that because the amendment was made applicable only to cases commenced under the Code after October 7, 1998, it did not apply to Britt's Chapter 7 proceeding, which was commenced on September 23, 1998. See Opinion at 9-10.

[4] The Health Professions Education Partnerships Act of 1998, Pub. L. No. 105-392, 112 Stat. 3524 (1998), provides, in relevant part:
SEC. 144. HEAL BANKRUPTCY.

(a) IN GENERAL.--Section 707(g) of the Public Health Service Act (42 U.S.C. 292f(g)) is amended in the first sentence by striking "A debt which is a loan insured and inserting "Notwithstanding any other provision of Federal or State law, a debt that is a loan insured."

(b) APPLICATION.--The amendment made by subsection (a) shall apply to any loan insured under the authority of subpart I of part A of title VII of the Public Health Service Act (42 U.S.C. 292 et seq.) that is listed or scheduled by the debtor in a case under title XI, United States Code, filed--

(1) on or after the date of enactment of this Act; or

7

the Tanski Court, the bankruptcy court appears to have relied on the pre-1998 amendment version of Section 292f(g).  In fact, although the bankruptcy court quoted Section 292f(g) in its Opinion, the phrase "notwithstanding any other provision of Federal or State law" does not appear in the quotation. See Opinion at 6.

Based on the amended Section 292f(g), the Court finds that the dischargeability of Britt's HEAL loans should have been determined by the bankruptcy court in accordance with Section 292f(g). See, e.g., U.S. Dep't of Health & Human Servs. v. Smitley, 347 F.3d 109 (4th Cir. 2003); United States v. Rushing, 287 B.R. 343, 350 (D. N.J. 2002).  Accordingly, the bankruptcy court erred in basing its dischargeability analysis on Section 523(a)(8) of the Code, and its Opinion and Order must be reversed.

Britt maintains on cross-appeal that the bankruptcy court erred by omitting from its Opinion a finding pursuant to Section 292f(g) that non-discharge of her HEAL loans would be unconscionable.  She therefore urges the Court to modify the bankruptcy court's Opinion and Order by making such a finding as a matter of law.  However, because, as noted above, the bankruptcy court declined to apply Section 292f(g) to determine the dischargeability of Britt's HEAL loans, it also failed to make findings of fact necessary for application of the Section 292f(g)

---

(2) prior to such date of enactment in which a discharge has not been granted.
Pub. L. No. 105-392, 112 Stat. 3524 (1998).

dischargeability standard. "When an appellate court discerns that a [lower] court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the [lower] court to make the missing findings." Pullman-Standard v. Swint, 456 U.S. 273, 291 (1982). Although a determination of unconscionability under Section 292f(g) is made as a matter of law, see, e.g., Smitley, 347 F.3d at 115-16; In re Rice, 78 F.3d 1144, 1148 (6th Cir. 1996); United States v. Kephart, 170 B.R. 787, 789 n.1 (W.D.N.Y. 1994), it nonetheless must be based on a fully developed record. See Pullman-Standard, 456 U.S. at 292. ("[W]here findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue."(citing Kelley v. Southern Pacific Co., 419 U.S. 318, 331-32 (1974))). Therefore, the Court must remand this case to the bankruptcy court for additional factual findings relevant to the unconscionability analysis under Section 292f(g). See, e.g., In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993)(noting that in reviewing a bankruptcy court decision, district court may not make its own independent factual findings and stating that "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings."); In re Muncrief, 900 F.2d 1220, 1224 (8th Cir. 1990)(same); In re Edward

M. Johnson and Assocs., Inc., 845 F.2d 1395, 1401 (6th Cir. 1988)(same).

In determining whether non-discharge of Britt's HEAL loans meets the unconscionability standard of Section 292f(g), the bankruptcy court "must focus on the 'totality of the facts and circumstances surrounding the debtor and the obligation.'" Smitley, 347 F.3d at 117 (citing In re Rice, 78 F.3d at 1149). More specifically, in conducting its unconscionability analysis, the bankruptcy court should determine whether, and to what extent, Britt's current financial situation is likely to improve. See id. For example, while the bankruptcy court established that, at the time of trial, Britt worked at the Museum Company store approximately 35-40 hours per week and earned a net monthly income of approximately $1,000, see Opinion at 6, the court did not make findings as to whether Britt was willing or able to obtain additional part-time or seasonal employment in order to supplement her income or whether other, more gainful employment opportunities are available to her. Finally, factual findings relating to the possibility that Britt's income might increase in the future as well as more detailed findings relating to her health condition are necessary. See In re Rice, 78 F.3d at 1149-50.

## CONCLUSION

For the foregoing reasons, this Court reverses the Opinion and Order of the bankruptcy court and remands this action for further

proceedings consistent with this Memorandum Opinion and Order.

It is SO **ORDERED**.

**Dated:**   New York, New York
             November 7, 2006

John E. Sprizzo
United States District Judge

**APPEARANCES**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Appellant-Cross-Appellee
86 Chambers Street
New York, NY 10007

>   KATHLEEN A. ZEBROWSKI,
>   Assistant United States Attorney

>   Of Counsel

JEROME LEE DAVIDOW, ESQ.
Attorney for Appellee-Cross-Appellant
415 East 52nd St.
New York, NY 10022-6426